NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE WALTER CLAROS,

Defendant - Appellant.

No. 24-7288

D.C. No.
3:23-cr-02276-LL-1

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Southern District of California
Linda Lopez, District Judge, Presiding

Submitted March 11, 2026[**]
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.[***]

Jose Walter Claros challenges his jury conviction for illegal reentry after

removal in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

§ 1291. We review the district court's decision to exclude expert testimony for abuse of discretion. *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997). In the context of an alleged *Brady* violation, we review questions of law de novo, and findings of fact underlying those conclusions for clear error. *United States v. Cloud*, 102 F.4th 968, 975 (9th Cir. 2024). We affirm.

1. The district court did not abuse its discretion by excluding Claros's proposed expert. The court rationally concluded that her testimony was not relevant because it would not help the jury understand Claros's multiple sworn admissions, as an adult, and over decades, that he was born in Mexico. *See United States v. Redlightning*, 624 F.3d 1090, 1110–15 (9th Cir. 2010) (holding that under *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009), the district court did not abuse its discretion by excluding expert testimony where "the district court's line of reasoning was plausible").

But even if the district court erred in excluding the testimony, the error was harmless because it "is more probable than not that the error did not materially affect the verdict." *United States v. Torres*, 794 F.3d 1053, 1056 (9th Cir. 2015).

2. The government's disclosure of its failed search for Claros's Mexican birth certificate did not violate *Brady v. Maryland*, 373 U.S. 83 (1963). The relevant evidence was favorable to the defense, but there was no *Brady* violation because the evidence was not suppressed and Claros was not prejudiced. *See*

*United States v. Bruce*, 984 F.3d 884, 894–95 (9th Cir. 2021) (setting forth the elements of a *Brady* claim). The evidence was not suppressed because the government disclosed the favorable evidence to the defense as soon as it received the reports from Mexican authorities. Claros was not prejudiced because he made full use of the unsuccessful search and used it to try to cast doubt on the government's argument that he is an alien. For example, he elicited favorable testimony in cross examining the government's witness and, building on that testimony, made strong arguments to the jury. The government's disclosure was not "so serious that there is a reasonable probability" that earlier disclosure or additional testimony "would have produced a different verdict" or "undermined confidence in the outcome" of the case. *Id.* at 894–900.

**AFFIRMED.**